**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LINDA ECKERT BALLARD, *et al.*,

        Plaintiff,

v.                                      No. 14cv940 KG/SMV

VALENE L. FERNANDEZ, *et al.*,

        Defendanst.

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE

      **THIS MATTER** comes before the Court on *pro se* Plaintiff Linda Eckert Ballard's Motion to Proceed *in forma pauperis*.  Doc. 2.  For the reasons stated below, the Court will **GRANT** the application and **DISMISS** this case **without prejudice.**

**Motion to Proceed *in forma pauperis***

      The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962); *see also Buchheit v. Green*, 705 F.3d 1157, 1160-1161 (10th Cir. 2012) (nothing in the statute regarding proceedings *in forma pauperis*, 28 U.S.C. § 1915, indicates that a dismissal must occur before the grant of a motion to proceed *in forma pauperis*).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit in support of her application in which she declares that she is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding her income is true.  Plaintiff states that she is divorced, that her total monthly income is $1,117.00 from retirement, food stamps and Section 8 rental assistance, and that her total monthly expenses are $1,409.25.

**Dismissal of Case for Lack of Jurisdiction**

The Court will dismiss this case because it lacks jurisdiction to consider Plaintiff's claims.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

Plaintiff's Complaint asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *See* Doc. 1.  The facts recited in the Complaint allege that Plaintiff was injured in an automobile accident caused by Defendant Valene Fernandez.  The Complaint asserts three claims for relief: (i) gross negligence against Defendant Valene L. Fernandez for causing the accident and Plaintiff's injuries; (ii) gross negligence against Defendant State Farm Insurance Company for refusing to pay and/or reimburse Plaintiff for the costs arising from the accident related injury; and (iii) malpractice against Defendants Luis M. Ortiz and Claudia Rodriquez, d/b/a Albuquerque Accident Recovery, for accepting and then later

discontinuing their representation of Plaintiff.  The Complaint also states that both Plaintiff and Defendant Valene L. Fernandez are residents of New Mexico.

Plaintiff's Complaint does not allege any facts that show a basis for federal question jurisdiction.  A claim may be brought in federal court if the claim is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  When determining whether a claim arises under federal law, courts examine the well pleaded allegations of the complaint and ignore potential defenses.  *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003).  "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."  *Id.* (federal courts typically do not have jurisdiction under 28 U.S.C. § 1331 when a plaintiff's complaint does not assert any cause of action premised upon a violation of a federal statute or the Constitution).  Plaintiff asserts that she "filed this instant case in the Federal [Court] because she seeks answers to federal questions with regard to what Explicit protocol is necessary to prevent other individuals who are receiving Medicare and/or Medicaid from being left without necessary health services when they become Secondary Payers."  Doc. 1 at 12. Although Plaintiff makes the conclusory allegation that the Court has federal question jurisdiction, her state law claims are not premised upon a violation of a federal statute or the Constitution.

Plaintiff's complaint shows that there is no basis for diversity jurisdiction under 28 U.S.C. § 1332.  In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."  *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006).  "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant."  *Dutcher*

*v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). Plaintiff states that the Court has diversity jurisdiction because she was a resident of the State of Texas at the time of the accident. "Federal jurisdiction is determined based on the facts as they existed at the time the complaint was filed." *Ravenswood Investment Co., L.P. v. Avalon Correctional Services*, 651 F.3d 1219, 1223 (10th Cir. 2011). Because her Complaint alleges that both Plaintiff and Defendant Valene L. Fernandez were residents of New Mexico when Plaintiff filed her Complaint, there is no diversity jurisdiction.

The Court cannot exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the Court does not have original jurisdiction over at least one claim in Plaintiff's complaint. Supplemental jurisdiction only applies to a "civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a). "Therefore, before a district court asks whether it can exercise supplemental jurisdiction over some claims in an action, it must first determine that it has original jurisdiction over the civil action within the meaning of § 1367(a); in other words, it must have original jurisdiction over at least one claim in the complaint." *Myers v. Richland County*, 429 F.3d 740, 748 (8th Cir. 2005). The Court does not have original jurisdiction over any of Plaintiff's three state law claims.

The Court will dismiss this action without prejudice for lack of jurisdiction. *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Finally, the Court notes that Plaintiff previously initiated a case in this Court based on the same facts. Judge Vázquez dismissed that case without prejudice for lack of subject matter jurisdiction.  *See* Doc. 19, filed May 15, 2014, in *Ballard v. Fernandez*, Civ. No. 14-277 MV/RHS (D.N.M.).  Judge Vázquez reminded Plaintiff that the Court had previously warned Plaintiff about filing frivolous complaints.  *See* Mem. Op. and Order at 11-13, Doc. 5, filed January 3, 2011, in *Ballard v. Town of Clayton*, Civ. No. 10-1161 JAP/LFG (D.N.M.) ("Ballard is warned that if, without prepaying filing fees, she persists in filing suits in this Court that fail to state a cognizable federal claim, the Court may impose filing restrictions").  The Court once again warns Plaintiff about filing frivolous complaints.  *See Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 10th Cir. 1989) ("injunctions are proper where the litigant's abusive and lengthy history is properly set forth").

**IT IS ORDERED** that Plaintiff's motion to proceed IFP (Doc. 2) is **GRANTED.**

**IT IS ALSO ORDERED** that this cause of action is **DISMISSED without prejudice** under § 1915(e)(2)(B) for lack of subject-matter jurisdiction.

**UNITED STATES DISTRICT JUDGE**